1
2
3
4          UNITED STATES DISTRICT COURT
5               DISTRICT OF NEVADA
6                      * * *
                                  )
7   DAVID R. STILWELL, *et al.*,        )        2:11-CV-1549-PMP-VCF
                                  )
8             Plaintiffs,         )
                                  )        **ORDER**
9    vs.                          )
                                  )
10  CLARK COUNTY, NEVADA, et al.,  )
                                  )
11                                )
            Defendants.           )
12  _____   )

13          On February 6, 2012, the Court heard argument on the fully briefed Motions

14  to Dismiss (Docs. #11, #16 and #17) filed on behalf of all City and County Defendants

15  in this case.  For the reasons set forth below, the Court finds that Defendants' Motions

16  to Dismiss must be granted.

17          Plaintiffs' Class Action Complaint for Damages and Injunctive Relief (Doc.

18  #1) was filed September 27, 2011, and sets forth four causes of action against

19  Defendants, all predicated on Defendants' formal and informal policies of enforcement

20  of Nevada's Helmet Law, N.R.S. 486.231.  Plaintiffs generally allege that Defendants

21  engage in an ongoing patter and practice of arbitrary and discriminatory enforcement

22  of N.R.S. 486.231, based on "constitutionally deficient probable cause."  Plaintiffs

23  further allege that because Defendants issue "Helmet Tickets" with deficient probable

24  cause, they engage in acts that are illegal rather than discretionary in nature and thus

25  are not entitled to qualified immunity under N.R.S. 41.031(1).  Plaintiffs further allege

26  that Defendants have failed to instruct, train or equip their agents in the "particulars of

1  the Nevada Helmet Law or the constitutionally sufficient probable cause necessary to

2  issue a Helmet Ticket under the Nevada Helmet Law."

3        Based upon these general allegations, Plaintiffs allege for their First Cause of

4  Action that Defendants have violated Plaintiffs' Fourth Amendment protections against

5  unreasonable searches and seizures.  For their Second Cause of Action, Plaintiffs allege

6  violations of the Fourteenth Amendment protections against arbitrary and

7  discriminatory enforcement of Nevada's Helmet Law.  For their Third Cause of Action,

8  Plaintiffs allege a claim for Malicious Prosecution occasioned by Defendants' pattern

9  and practice of instituting criminal actions against Plaintiff Class Members and then

10  dismissing the prosecutions when challenged.  Finally, for their Fourth Cause of

11  Action, Plaintiffs allege Abuse of Process arising from Defendants alleged practice of

12  engaging in arbitrary and discriminatory enforcement of the Nevada Helmet Law as a

13  pretext for invading the liberties and civil rights of the Plaintiff Class Members.

14        In their Motions to Dismiss (Docs. #11, #16 and #17), all of which are joined

15  by one another, Defendants correctly argue that Plaintiffs' Complaint is void of factual

16  allegations of specific conduct by particular Defendants, but is instead a

17  "conglomeration of generalized allegations of legal violations," without specific

18  allegations of a single event, on any identified date, in any jurisdiction, by any named

19  Defendant.  The Court concurs and finds that Plaintiffs' Complaint (Doc. #1) fails to

20  state claims for relief that are plausible on their face showing Plaintiffs are entitled to

21  relief as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure.  *Bell*

22  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct.

23  1937, 1949 (2009).

24        Given the vague nature of the allegations contained in Plaintiffs' Complaint,

25  each Defendant to this action is unable to ascertain what they did in violation of any

26  particular Plaintiff's constitutional rights, or when they allegedly did so and how.  As

1   a result, none of the Defendants are able to ascertain which, if any, governmental

2   defenses are available to it.  Moreover, Defendant Clark County does not appear to

3   implicated by any interpretation of Plaintiffs' allegations as Clark County does not

4   perform law enforcement functions which are reposed with the Clark County Sheriff,

5   Las Vegas Metropolitan Police Department and Clark County District Attorney.

6          Plaintiffs' attempt to cure the deficiencies in their complaint by the filing of

7   affidavits of certain Plaintiffs which the Court cannot consider with respect to

8   Defendants' pending motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules

9   of Civil Procedure, do not cure the deficiencies in Plaintiffs' Complaint.  Additionally,

10  Plaintiffs' proposed First Amended Complaint (Doc. #18-11) suffers from the same

11  deficiencies cited by Defendants in their motions to dismiss leading the Court to

12  conclude that further attempt at amendment would be futile.

13         **IT IS ORDERED** that Defendants' Motions to Dismiss (Docs. #11, #16 and

14  #17) are **GRANTED** and that Plaintiffs' Complaint (Doc. #1) is hereby dismissed with

15  prejudice.

16         **IT IS FURTHER ORDERED** that the Clerk of Court shall forthwith enter

17  judgment in favor of Defendants and against Plaintiffs.

18  DATED: February 21, 2012.

19

20  _____

21  PHILIP M. PRO
    United States District Judge

22

23

24

25

26

3