UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID R. STILWELL, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CLARK COUNTY, NEVADA, et al., <br><br> Defendants. | 2:11-CV-1549-PMP-VCF <br><br> **<u>ORDER</u>** |

On February 6, 2012, the Court heard argument on the fully briefed Motions to Dismiss (Docs. #11, #16 and #17) filed on behalf of all City and County Defendants in this case. For the reasons set forth below, the Court finds that Defendants' Motions to Dismiss must be granted.

Plaintiffs' Class Action Complaint for Damages and Injunctive Relief (Doc. #1) was filed September 27, 2011, and sets forth four causes of action against Defendants, all predicated on Defendants' formal and informal policies of enforcement of Nevada's Helmet Law, N.R.S. 486.231. Plaintiffs generally allege that Defendants engage in an ongoing patter and practice of arbitrary and discriminatory enforcement of N.R.S. 486.231, based on "constitutionally deficient probable cause." Plaintiffs further allege that because Defendants issue "Helmet Tickets" with deficient probable cause, they engage in acts that are illegal rather than discretionary in nature and thus are not entitled to qualified immunity under N.R.S. 41.031(1). Plaintiffs further allege that Defendants have failed to instruct, train or equip their agents in the "particulars of

the Nevada Helmet Law or the constitutionally sufficient probable cause necessary to issue a Helmet Ticket under the Nevada Helmet Law."

Based upon these general allegations, Plaintiffs allege for their First Cause of Action that Defendants have violated Plaintiffs' Fourth Amendment protections against unreasonable searches and seizures. For their Second Cause of Action, Plaintiffs allege violations of the Fourteenth Amendment protections against arbitrary and discriminatory enforcement of Nevada's Helmet Law. For their Third Cause of Action, Plaintiffs allege a claim for Malicious Prosecution occasioned by Defendants' pattern and practice of instituting criminal actions against Plaintiff Class Members and then dismissing the prosecutions when challenged. Finally, for their Fourth Cause of Action, Plaintiffs allege Abuse of Process arising from Defendants alleged practice of engaging in arbitrary and discriminatory enforcement of the Nevada Helmet Law as a pretext for invading the liberties and civil rights of the Plaintiff Class Members.

In their Motions to Dismiss (Docs. #11, #16 and #17), all of which are joined by one another, Defendants correctly argue that Plaintiffs' Complaint is void of factual allegations of specific conduct by particular Defendants, but is instead a "conglomeration of generalized allegations of legal violations," without specific allegations of a single event, on any identified date, in any jurisdiction, by any named Defendant. The Court concurs and finds that Plaintiffs' Complaint (Doc. #1) fails to state claims for relief that are plausible on their face showing Plaintiffs are entitled to relief as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Given the vague nature of the allegations contained in Plaintiffs' Complaint, each Defendant to this action is unable to ascertain what they did in violation of any particular Plaintiff's constitutional rights, or when they allegedly did so and how. As

a result, none of the Defendants are able to ascertain which, if any, governmental defenses are available to it.  Moreover, Defendant Clark County does not appear to implicated by any interpretation of Plaintiffs' allegations as Clark County does not perform law enforcement functions which are reposed with the Clark County Sheriff, Las Vegas Metropolitan Police Department and Clark County District Attorney.

Plaintiffs' attempt to cure the deficiencies in their complaint by the filing of affidavits of certain Plaintiffs which the Court cannot consider with respect to Defendants' pending motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, do not cure the deficiencies in Plaintiffs' Complaint. Additionally, Plaintiffs' proposed First Amended Complaint (Doc. #18-11) suffers from the same deficiencies cited by Defendants in their motions to dismiss leading the Court to conclude that further attempt at amendment would be futile.

**IT IS ORDERED** that Defendants' Motions to Dismiss (Docs. #11, #16 and #17) are **GRANTED** and that Plaintiffs' Complaint (Doc. #1) is hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forthwith enter judgment in favor of Defendants and against Plaintiffs.

DATED: February 21, 2012.

_____
PHILIP M. PRO
United States District Judge