**Marquis Aurbach Coffing**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Micah S. Echols, Esq.
Nevada Bar No. 8437
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
mechols@maclaw.com
   Attorneys for Boulder City Defendants; CNLV Defendants;
   LVMPD Defendants; and Mesquite Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID ROY STILWELL, an individual; LILLIAN "TIGER LILY" GONZALEZ, an individual; MIKE "BONES" DAVIS, an individual; VICTOR "DOC" MOSS, an individual; KAREN JURASINKSI, an individual; RICHARD "DIRTY RICK" POLLARD, an individual; BURL DEAN BOLTON, an individual; JAMES B. CANFIELD, an individual; LUANN "CHEYENNE" FOSCHI, an individual; TIMOTHY FARRELL, an individual; BRIAN KATZ, an individual; CARLOS AUGUSTINE BOLTON, an individual; on behalf of themselves and others similarly situated, collectively,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BOULDER CITY, a political subdivision of the State of Nevada; CITY OF NORTH LAS VEGAS, a political subdivision of the State of Nevada; CITY OF HENDERSON, a political subdivision of the State of Nevada; CITY OF MESQUITE, a political subdivision of the State of Nevada; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, an independent legal agency of Clark County and the City of Las Vegas; STATE OF NEVADA DEPARTMENT OF PUBLIC SAFETY – NEVADA HIGHWAY PATROL; JAMES D. WRIGHT, in his official capacity as Director of the STATE OF NEVADA DEPARTMENT OF PUBLIC SAFETY – NEVADA HIGHWAY PATROL; DOUGLAS C. GILLESPIE, in his official capacity as the Acting Chief of Police for the CITY OF BOULDER CITY; JOSEPH CHRONISTER, in his official capacity as the Chief of Police for the CITY OF NORTH LAS VEGAS; PATRICK MOERS, in his official capacity as the Chief of Police for the CITY OF HENDERSON; TROY TANNER, in his official capacity as the Chief of Police for the CITY | Case No.: 2:11-cv-01549-PMP-VCF<br><br><br><br>**STIPULATION AND ORDER TO (1) PUBLISH ORDER [#145]; (2) WAIVE PLAINTIFFS' APPEAL RIGHTS; AND (3) VACATE COSTS AWARDS [#150], [#151], AND [#152]** |

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

OF MESQUITE; CITY OF BOULDER CITY POLICE OFFICER J. Gilliam (CBC #221), in his official and personal capacity; CITY OF NORTH LAS VEGAS POLICE OFFICER J. Feldman (NLV #1924), in his official and personal capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER J. Jackson (LVMPD #8727), in his official and personal capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER R. Gibbs (LVMPD #6796), in his official and personal capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER S. Emery (LVMPD #3758) in his official and personal capacity; NEVADA HIGHWAY PATROL OFFICER Arias (NHP #673), in his official and personal capacity; NEVADA HIGHWAY PATROL OFFICER West (NHP #6H5254), in his official and personal capacity; DOES 1 through 100; collectively,

Defendants.

Defendants City of Boulder City ("Boulder City"), Acting Chief of Police William Conger ("Conger"), Ofc. L. Gilliam (CBC #221) ("Gilliam" and, collectively with Boulder City and Conger, the "Boulder City Defendants"), Las Vegas Metropolitan Police Department ("LVMPD"), Sheriff Douglas C. Gillespie ("Gillespie"), Ofc. J. Jackson (LVMPD #8727) ("Jackson"), Ofc. R. Gibbs (LVMPD #6796) ("Gibbs"), Ofc. S. Emery (LVMPD #3758) ("Emery" and, collectively with Gillespie, Jackson, and Gibbs, the "LVMPD Defendants"), City of Mesquite ("Mesquite"), Chief of Police Troy Tanner ("Tanner" and, collectively with Mesquite, the "Mesquite Defendants"), City of North Las Vegas ("CNLV"), Chief of Police Joseph Chronister ("Chronister"), and Ofc. J. Feldman (NLV #1924) ("Feldman" and, collectively with CNLV and Chronister, the "CNLV Defendants"); and Plaintiffs, collectively, by and through their counsel of record, hereby stipulate as follows:

**STIPULATION FOR PUBLICATION OF ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [#145]**

1. On July 26, 2016, this Court entered its order granting Defendants' motions to dismiss [#145]. The Court's dismissal order carefully examines Plaintiffs' allegations, the legal theories involved in the case, and the reasoning for dismissing Plaintiffs' claims. Because of the

Court's careful analysis, the dismissal order already reads like a published opinion, and very few, if any, revisions would be required to publish the Court's dismissal order.

    2.    Ninth Circuit Rule 36-2 allows for publication of an opinion when it:

    (a)    Establishes, alters, modifies or clarifies a rule of federal law, or

    (b)    Calls attention to a rule of law that appears to have been generally overlooked, or

    (c)    Criticizes existing law, or

    (d)    Involves a legal or factual issue of unique interest or substantial public importance, or

    (e)    Is a disposition of a case in which there is a published opinion by a lower court or administrative agency, unless the panel determines that publication is unnecessary for clarifying the panel's disposition of the case, or

    (f)    Is a disposition of a case following a reversal or remand by the United States Supreme Court, or

    (g)    Is accompanied by a separate concurring or dissenting expression, and the author of such separate expression requests publication of the disposition of the Court and the separate expression.

Ninth Circuit Rule 36-4 also allows any party to request publication of an unpublished disposition within 60 days after the entry of the unpublished order.

    3.    Based upon the standards outlined in Ninth Circuit Rules 36-2 and 36-4, the parties agree that this stipulated request to publish the Court's dismissal order is both timely and satisfies one or more of the grounds for publication. Specifically, Nevada's Helmet Law, codified as N.R.S. 486.231, has been litigated in a variety of state and federal cases in Nevada. However, the parties are not aware of a published Nevada state or Nevada federal case that specifically addresses the unique claims alleged in this case. A published opinion from this case would greatly assist and guide not only the parties to this case, but all motorcycle riders and law enforcement agencies throughout Nevada in the future.

    4.    The parties leave to the Court's discretion whether its dismissal order should be published. However, the parties jointly express their desire to publish the dismissal order and have no objection to publication.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:11779-024 2878356_1

**STIPULATION FOR WAIVER OF PLAINTIFFS' APPEAL RIGHTS**

5. The Court's dismissal order [#145] and related judgment [#146] constitute a final, appealable disposition of this case.

6. According to 28 U.S.C. § 1291 (Final decisions of district courts), Plaintiffs have the right to appeal the Court's dismissal order to the Ninth Circuit Court of Appeals.

7. After conferring with their counsel, and making this decision of their own free will and choice, Plaintiffs hereby abandon their right to appeal or otherwise challenge the Court's dismissal order as to all parties in this litigation. No further filings in this case challenging the merits of the dismissal order will be allowed, including any of the motions listed in FRAP 4(a)(4).

8. The Court's dismissal order shall continue as valid, binding, and in full effect upon the parties to this litigation, regardless of whether the Court, in its discretion, chooses to publish the dismissal order as an opinion.

9. Plaintiffs' abandonment of their appeal rights is made in exchange for Defendants' waiver and vacatur of their costs awards, as outlined below. All parties agree that they will bear their own attorney fees and costs for this entire litigation.

**STIPULATION FOR VACATUR OF COSTS AWARDS [#150], [#151], AND [#152]**

10. On July 28, 2016, the Boulder City Defendants/Mesquite Defendants, the CNLV Defendants, and the LVMPD Defendants separately filed bills of costs, respectively filed as [#147], [#148], and [#149].

11. On August 24, 2016, the Court granted the full amount of requested costs for each bill of costs, which was added to the judgment, respectively filed in favor of the Boulder City Defendants/Mesquite Defendants ($1,650.77) [#150], the CNLV Defendants ($1,438.37) [#151], and the LVMPD Defendants ($246.93) [#152].

12. In exchange for Plaintiffs' waiving and abandoning their appeal rights, Defendants hereby waive their right to collect any amount of these awarded costs and stipulate to have the costs awards vacated. Defendants have reached this decision after conferring with their counsel and in the interests of ending this litigation.

MAC:11779-024 2878356_1

13. Defendants' stipulation to vacate these costs awards ([#150], [#151], and [#152]) only extends to these costs awards, and does not in any way affect the continuing validity of the Court's dismissal order [#145] and the related judgment [#146].

IT IS SO STIPULATED.

| | |
|---|---|
| Michael I. Welker, Esq.<br>Travis N. Barrick, Esq.<br>Jeanette H. Barrick, Esq.<br>Gallian Welker, & Beckstrom, LC<br>540 E. St. Louis Avenue<br>Las Vegas, Nevada 89117<br>Telephone: (702) 892-3500<br>Facsimile: (702) 386-1946<br>mwelker@utahcase.com<br>tbarrick@vegascase.com<br>jbarrick@vegascase.com<br>Attorneys for Plaintiffs | Craig R. Anderson, Esq.<br>Micah S. Echols, Esq.<br>Marquis Aurbach Coffing<br>10001 Park Run Drive<br>Las Vegas, Nevada 89145<br>Telephone: (702) 382-0711<br>Facsimile: (702) 382-5816<br>canderson@maclaw.com<br>mechols@maclaw.com<br>Attorneys for Boulder City Defendants; CNLV Defendants; LVMPD Defendants; and Mesquite Defendants |
| By: _[signature]_<br>Date: 8/25/16 | By: _[signature]_<br>Date: 8/25/16 |

## ORDER

**IT IS HEREBY ORDERED,**

Based upon the stipulation of the parties, and for good cause shown,

With respect to the **STIPULATION FOR PUBLICATION OF ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [#145]**, the Court will consider the parties' stipulation and the factors in Ninth Circuit Rule 36-2 to decide by a separate filing whether to publish its dismissal order [#145]. Regardless of the Court's decision on publication, the dismissal order [#145] and the related judgment [#146] remain valid, binding, and in full effect.

**IT IS FURTHER ORDERED** that based upon the **STIPULATION FOR WAIVER OF PLAINTIFFS' APPEAL RIGHTS**, Plaintiffs are barred from appealing or otherwise challenging the dismissal order [#145], including a prohibition against filing in this case any of the motions listed in FRAP 4(a)(4).

**IT IS FURTHER ORDERED** that based upon the **STIPULATION FOR VACATUR OF COSTS AWARDS**, the awards of costs are **HEREBY VACATED** as follows: Boulder City

MAC:11779-024 2878356_1

Defendants/Mesquite Defendants ($1,650.77) [#150], the CNLV Defendants ($1,438.37) [#151], and the LVMPD Defendants ($246.93) [#152]. Defendants cannot seek to enforce any of these costs awards as judgments by virtue of this vacatur of these awards.

**IT IS FURTHER ORDERED** that, based upon the stipulation of the parties, all parties will bear their own attorney fees and costs for this entire litigation.

IT IS SO ORDERED this  21st  day of October, 2016

Respectfully Submitted By:

MARQUIS AURBACH COFFING

_____
RICHARD F. BOULWARE, II
United States District Judge

By /s/ Micah S. Echols
   Craig R. Anderson, Esq.
   Nevada Bar No. 6882
   Micah S. Echols, Esq.
   Nevada Bar No. 8437
   10001 Park Run Drive
   Las Vegas, Nevada  89145
   Attorneys for Boulder City Defendants; CNLV Defendants;
   LVMPD Defendants; and Mesquite Defendants

MAC:11779-024 2878356_1